### CONLAN v. MURRY.

(Supreme Court, Appellate Term. January 30, 1905.)

**1. MUNICIPAL COURT—ADJOURNMENT—TIME.**

Under Municipal Court Act, § 194 (Laws 1902, p. 1547, c. 580), authorizing an adjournment for not to exceed 90 days from the return of the summons, an adjournment to December 26th, whereas the summons was returned on September 9th, was beyond the power of the court.

**2. SAME.**

Under section 194 of the Municipal Court Act (Laws 1902, p. 1547, c. 580), authorizing an adjournment for a period not to exceed 90 days from the return of the summons, the court is not precluded from granting a proper adjournment because the motion requests an adjournment for a time greater than the statutory period.

**3. SAME—WANT OF EVIDENCE—AFFIDAVIT—SUFFICIENCY.**

Under Municipal Court Act, § 194 (Laws 1902, p. 1547, c. 580), authorizing an adjournment upon proof that the party applying therefor cannot be ready for trial before the time to which he desires the adjournment because of the want of material evidence, an affidavit for an adjournment in order to obtain the evidence of certain witnesses to prove plaintiff's incompetence as an actor, which fails to show that there are not others than the witnesses named equally qualified to testify, whose evidence is presently accessible, is insufficient.

**4. SAME.**

The affidavit was further insufficient in failing to show that the attendance of the witnesses named could not be procured before the date to which the adjournment was requested.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Francis Conlan against Jules Murry. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Howe & Hummel, for appellant.

Bischoff & Wyvell, for respondent.

SCOTT, J. The only error urged upon our attention is that the justice erred, as it is said, in denying defendant's motion for a long adjournment applied for under section 194 of the Municipal Court Act (Laws 1902, p. 1547, c. 580). That section authorizes an adjournment, under certain circumstances, for a period "not to exceed ninety days from the return of the summons." The summons was returned on September 9th, and the date to which defendant asked an adjournment (December 26th) was far beyond the power of the court. This, however, is not controlling, because the court, if it had granted an adjournment at all, was not bound by the terms of defendant's motion, but rather by the statute. The section, however, requires that such an adjournment shall be had only upon proof that the party applying for the adjournment cannot be ready for trial before the time to which he desires an adjournment, "for the want of material evidence." The affidavit upon which the application for adjournment was made was insufficient in two regards. What defendant says that he seeks to prove is the incompetence of plaintiff as an actor, and he names four witnesses, who, as he says, will testify to that fact. This, of course, is opinion evidence, and the affidavit fails to show that there are not others equally qualified to testify, whose evidence is presently accessible. Furthermore, the affidavit wholly fails to show that the attendance of the witnesses named cannot be procured before the date to which he seeks, or claims to be entitled to, an adjournment. The justice therefore committed no·error in refusing to adjourn the trial, and, since no other error is claimed to have been committed, the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.